912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William N. YOUNG, Plaintiff-Appellee,
v.
Michael C. BARRETT, Defendant-Appellant,
John Rosson, City of Clarksville, Tennessee, and Montgomery
County, Tennessee, Defendants.
 No. 89-6218.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Michael Barrett, appeals the district court's denial of his motion for summary judgment on the grounds of qualified immunity in this action brought under 42 U.S.C. Sec. 1983. For the following reasons, we affirm.
 
 I.
 
 2
 Plaintiff-Appellee, William N. Young, operated a surveying business out of an office located at 611 Cumberland Drive in Clarksville, Tennessee. Barrett is an officer of the Clarksville, Tennessee, Police Department.
 
 
 3
 On January 5, 1988, Barrett appeared before Judge Wayne Shelton of the General Sessions Court for Montgomery County, Tennessee, and requested the issuance of a warrant for the search of the premises at 611 Cumberland Drive. In support of his request, Barrett submitted an affidavit stating that he had received information from a confidential informant that gambling with dice regularly took place in a room behind the pawn shop on the premises. Barrett stated that he had observed known gamblers coming and going on at least three separate occasions when the pawn shop was not open for business. Barrett's affidavit also attested that the confidential informant had taken part in dice games at this location, and that others had also reported that the premises were used as a gambling house. He further stated that gambling activity reportedly involved thousands of dollars, and that the frequency of the games suggested professional activity. At the bottom of the affidavit, in Judge Shelton's handwriting, appeared the following statement: "Said confidential informant also knows there to be a game in progress on this date, January 5, 1988 at the above described premises as he was present and observed said gambling in the premises." (emphasis added). According to the affidavit and deposition of Judge Shelton, he added the handwritten portion after making verbal inquiries of Barrett concerning the basis of the informant's knowledge, and concluding that the facts as stated by Barrett were insufficient to support a warrant. After the judge amended the proposed affidavit, Barrett signed and swore to it in its altered form, whereupon the warrant issued.
 
 
 4
 After obtaining the warrant, Mr. Barrett went to 611 Cumberland in the company of several other Clarksville police officers and knocked on the door. Young answered the knock. Barrett identified himself as a police officer and demanded admission. The door had to be opened from the inside, and Young fumbled for the key. After some delay, he opened the door, whereupon the officers rapidly burst inside. Young alleges that on the way in, Barrett struck him with either his arm or some blunt instrument. This blow is alleged to have caused him severe injury and temporary disability.
 
 
 5
 On December 30, 1988, Young filed a complaint in United States District Court for the Middle District of Tennessee, Judge Thomas Higgins presiding, under 42 U.S.C. Sec. 1983, alleging that he had been injured as the result of the execution of an invalid search warrant. Barrett, Officer John Rosson, the City of Clarksville and Montgomery County were named as defendants. The claims against Rosson and the County were subsequently dismissed by the district court and are not part of this appeal. The claims against the City of Clarksville are stayed pending the outcome of this appeal.
 
 
 6
 On July 17, 1989, Young's complaint was superseded by a pretrial order alleging that his right to be free from illegal search and seizure, from excessive force, and from deprivation of fundamental liberty and property interests without due process of law were violated when Barrett knowingly executed a search warrant based either on fabricated information, or information obtained from a confidential informant used to intentionally mislead the issuing magistrate.
 
 
 7
 Both parties filed motions to compel discovery. Young moved for revelation of the confidential informant. Barrett moved for answers to questions regarding Young's knowledge of gambling on the premises. Pursuant to instructions of the district court, Barrett filed an unsworn statement, under penalty of perjury setting forth the name, address and information furnished to him by the confidential informant. Young has not been permitted access to this statement. Young subsequently submitted affidavits of all individuals present at 611 Cumberland on January 5, 1988, all of whom deny being Barrett's informant. In response to Young's motion, Barrett acknowledged for the first time that the confidential informant did not tell him that he had witnessed gambling in progress on January 5, 1988.
 
 
 8
 On August 14, 1989, Barrett filed a motion for summary judgment based on a defense of qualified immunity. The district court denied Barrett's motion. Barrett then moved to stay all proceeding and filed notice of this interlocutory appeal.
 
 II.
 
 9
 Fed.R.Civ.P. 56 provides that a court may enter summary judgment on a claim if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Although the moving party has the burden of proving the absence of any genuine issue of material fact, the nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "When an appellate court reviews a grant of summary judgment, the district court decision is reviewed de novo.... However, in reviewing a district court's ruling denying a summary judgment motion on grounds that a material issue of fact exists appellate review is governed by an 'abuse of discretion' standard." Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.1988).
 
 
 10
 On appeal, Barrett argues that the district court erred in denying his motion for summary judgment because its analysis of his qualified immunity defense was not sufficiently "particularized," and that the correct analysis of Young's Fourth Amendment claims is whether Young had a "clearly established" right to be free from execution of a search warrant which is supported by an affidavit which contains one inadvertent misstatement of fact. Barrett further argues that there were no facts before the court to support any conclusion but that the addition of erroneous information to his affidavit is anything other than innocent error. At oral argument before this court, counsel for Barrett admitted that the right to be free from illegal search and seizure had undisputably been established at the time of the instant search.
 
 
 11
 Barrett contends that Judge Higgins failed to conduct an analysis of Barrett's qualified immunity defense with respect to Young's excessive force claims. He also claims that Young did not possess any clearly established and particularized right to be free from the "slight force" which Barrett used against Young.
 
 
 12
 As the district court noted, the law of qualified immunity is governed by the Harlow v. Fitzgerald, 457 U.S. 800, (1982) line of cases. Harlow established an objective standard for the availability of the defense which has been repeatedly reaffirmed.
 
 
 13
 [W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action ... assessed in light of the legal rules that were "clearly established" at the time it was taken[.]
 
 
 14
 Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citations omitted). This circuit has stated that when a qualified immunity defense is raised, plaintiff must show a violation of constitutional rights and "that these rights were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." Dominique v. Telb, 831 F.2d 673, 676 (6th Cir.1987).
 
 A.
 
 15
 In conducting its analysis of Young's Fourth Amendment claims regarding the false information contained in the warrant affidavit, the district court stated that:
 
 
 16
 [t]he underlined portions [of the affidavit], added in Judge Shelton's hand, asserted that Mr. Barrett's informant had told him that he, the informant, had personally observed gambling in progress at 611 Cumberland Avenue on the very night the warrant issued.
 
 
 17
 The basic problem here is easily stated. All parties now agree that the handwritten addendum is simply not true, and that, in fact, Mr. Barrett's informant told him no such thing.
 
 
 18
 J.App. at 261. The Court dismissed Barrett's argument that he did not attempt to mislead Judge Shelton, but that Judge Shelton had simply misunderstood Barrett's statement. The Court reasoned that even if Barrett's claims were taken as true, "the fact remains that after Judge Shelton amended the proposed affidavit, Mr. Barrett then adopted it and swore to it and signed it. By so doing, he vouched for it, and knowledge of the language it contained must be imputed to him as a matter of law." Id. at 262.
 
 
 19
 Judge Shelton testified that he executed the instant warrant only after inquiring as to the basis of the confidential informant's knowledge that a dice game was currently in progress at 611 Cumberland Drive on January 5, 1988. J.App. at 238. Shelton also testified that the portion of the affidavit in his handwriting was added because he "felt the probable cause was insufficient based on just what was typed there." Id. at 241. He stated that when he found a deficiency in a search warrant affidavit, if the officer could not supply additional information or correct errors, the search warrant would not issue. Id. at 242. Furthermore, he stated that without a supplemental statement reporting the source of the information, he would not issue the instant warrant today. Id. at 243.
 
 
 20
 We agree with the district court that the dispositive question in the instant case is "would a reasonable officer, having knowledge of basic Fourth Amendment principles, as applied to the particular circumstances in this action, rely on a search warrant which he himself knows was obtained by means of an affidavit containing materially false assertions?" J.App. at 262 (emphasis in original). As the district court found, "this question practically answers itself." Id. We also agree that Barrett's protestations that the affidavit contained an innocent misstatement substantially similar to what the confidential informant told him simply is not credible. It is clear from Judge Shelton's handwritten supplement to the affidavit that had Barrett not told him that the confidential informant had personal knowledge of a game going on at that time, the warrant would not have issued. Therefore, we hold that the district court correctly concluded that Barrett forfeited any claim to the defense of qualified immunity on Young's search and seizure claim.
 
 B.
 
 21
 As Barrett correctly asserts, the district court did not include an analysis of Young's excessive force claim in its Memorandum Opinion. Instead, the court denied the summary judgment motion in its entirety on the grounds that Barrett was not entitled to qualified immunity at all. Barrett argues that he is entitled to summary judgment on this claim because the force used was not excessive, as he only struck Young once.
 
 
 22
 It is clear that at the time of the search in the instant case, Young had a clearly established constitutional right to be free from the use of excessive force in the execution of a search warrant. See Tennessee v. Garner, 471 U.S. 1, 7-8 (1985). Recently, the United States Supreme Court held that all excessive force claims under section 1983 which arise from "an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard...." Graham v. Conner, 109 S.Ct. 1865, 1871 (1989). The "reasonableness" of an officer's actions in a Fourth Amendment claim for use of excessive force is an "objective one." Id. at 1872. "[T]he question is whether the officer's actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. Therefore, there will be no Fourth Amendment violation if the officer's use of force was objectively reasonable even if the officer had evil intentions. Id. Likewise, an officer's good intentions will not make an objectively unreasonable use of force constitutional. Id. The "reasonableness" test for a violation of the Fourth Amendment based on the use of excessive force is "not capable of precise definition or mechanical application." Id. at 1871. Proper application of the test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 1871-72.
 
 
 23
 Young argues that when a search is unlawful, any amount of force used is excessive. He asserts that the district court implicitly recognized that an analysis of the excessive force claim is superfluous at the summary judgment stage because any force is excessive if there is no legal basis for the search. See Schiller v. Strangis, 540 F.Supp. 605, 617 (D.Mass.1982) (fact that use of force occurred during unlawful arrest is a consideration in determining whether use of force was reasonable).
 
 
 24
 It is not clear from the record that the district court endorsed this view of the law. However, this question need not be addressed. Young asserts that as a result of the blow he took from Barrett, he was hospitalized for two days and remained out of work for six weeks on his physician's advice. He argues that even if some force were deemed necessary, the force employed by Barrett was grossly disproportionate to that necessary given that Barrett was executing a warrant for misdemeanor gambling. Barrett conceded that Young offered no active physical resistance to his efforts to gain entry. It is clear to us that a question of material fact remains as to whether the force used by Barrett was unreasonable. Thus, we hold that the district court properly denied Barrett's motion for summary judgment on this issue.
 
 III.
 
 25
 Accordingly, the judgment of the district court is AFFIRMED.